UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
PAULINO UTO, JOSE EDWIN LOPEZ AND
JOSE ALAS,
On behalf of themselves and others
similarly situated,

                                        Plaintiffs,        MEMORANDUM
                                                            OPINION AND ORDER

                    -against-                                      CV 10-0529 (SJF) (ETB)

JOB SITE SERVICES, INC.,
JOHN O'SHEA
in his individual capacity,

                                        Defendants.
----------------------------------------------------------------------X

Before the Court is the defendants' application to have the automatic stay provision of the United States Bankruptcy Code applied to the corporate defendant named herein, who has not filed for bankruptcy. For the following reasons, defendants' application is denied.

FACTS

Familiarity with the underlying facts of this action is presumed. On February 4, 2011, the individual defendant, John O'Shea ("O'Shea"), filed for bankruptcy protection pursuant to Chapter 7 of the United States Bankruptcy Code. Accordingly, the parties do not dispute that an automatic stay of the within action with respect to O'Shea is warranted. O'Shea asserts, however, that the action should also be stayed as against the corporate entity, Job Site Services, Inc. ("Job Site Services"), who has not filed for bankruptcy protection. According to O'Shea,

"the case cannot go forward against the corporation, since his liability is derivative, but must be removed to the Bankruptcy Court."  (Letter from Druker, J. to Boyle, J. dated Feb. 4, 2011.)  Plaintiffs dispute O'Shea's interpretation of the automatic stay provision and argue that it does not apply to the non-debtor defendant, Job Site Services.

## DISCUSSION

Section 362 of the United States Bankruptcy Code automatically stays "the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title."  Pitts v. Pitts, Bankr. No. 808-74860, 2009 WL 4807615, at *5 (Bankr. E.D.N.Y. Dec. 8, 2009) (quoting 11 U.S.C. § 362(a)(1)).  The purpose of the automatic stay is to "provide[] the debtor with a breathing spell from his creditors" and is "designed to give the debtor time to organize its affairs . . . ."  Teachers Ins. & Annuity Ass'n of Am. v. Butler, 803 F.2d 61, 64 (2d Cir. 1986) (quotation omitted).

It is well-established that "stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants."  Butler, 803 F.2d at 65 (collecting cases); see also Queenie, Ltd. v. Nygard Int'l, 321 F.3d 282, 287 (2d Cir. 2003) ("[A] suit against a codefendant is not automatically stayed by the debtor's bankruptcy filing."); Pitts, 2009 WL 4807615, at *5 ("Subsection 362(a)(1) [of the Bankruptcy Code] is generally not available to non-debtors.").  In some cases, however, the automatic stay can be extended to non-debtors, but only where there exist "unusual circumstances . . . which would require "something more than the mere fact that

one of the parties to the lawsuit has filed . . . bankruptcy." A.H. Robbins Co. v. Piccinin, 788 F.2d 994, 999 (4th Cir. 1986)). Such circumstances are typically found "only when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate." Queenie, 321 F.3d at 287. Examples delineated by the Second Circuit include: (1) "a claim to establish an obligation of which the debtor is a guarantor," Queenie, 321 F.3d at 288 (citing McCartney v. Integra Nat'l Bank N., 106 F.3d 506, 510-11 (3d Cir. 1997); (2) "a claim against the debtor's insurer," Queenie, 321 F.3d at 288 (citing Johns-Manville Corp. v. Asbestos Litig. Group, 26 B.R. 420, 435-36 (Bankr. S.D.N.Y. 1983); and (3) "actions where 'there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant . . . .'" Queenie, 321 F.3d at 288 (quoting A.H. Robbins, 788 F.2d at 999).

In Queenie, Ltd. v. Nygard Int'l, 321 F.3d 282 (2d Cir. 2003), the Second Circuit held that the automatic stay did apply to a non-debtor co-defendant because the corporate defendant was "wholly owned" by the individual debtor defendant and "adjudication of a claim against the corporation will have an immediate adverse economic impact on [the debtor]," who filed for reorganization under Chapter 11 of the Bankruptcy Code. Id. at 287-88. Here, the same risk does not appear to be indicated because, like the debtor in Pitts v. Pitts, Bankr. No. 808-74860, 2009 WL 4807615, at *1 (Bankr. E.D.N.Y. Dec. 8, 2009), O'Shea is liquidating - as per Chapter 7 of the Bankruptcy Code - and therefore "there is no risk to any reorganization." Id. at *6 (finding that automatic stay did not apply to non-debtor corporate co-defendants). Rather, "[t]he imposition of liability against the [c]orporate [d]efendant[] only serves to fix liability against the [c]orporate [d]efendant[] at this point, and will not hamper the bankruptcy proceedings pending [with respect to O'Shea]." Id.

Accordingly, there is no justification for extending the automatic bankruptcy stay to the non-debtor corporate defendant.

## Conclusion

For the foregoing reasons, the automatic stay provision of the United States Bankruptcy Code will not be applied to the non-debtor corporate defendant, Job Site Services, Inc., and this action will proceed with respect to that entity on the schedule previously set by the Court.

**SO ORDERED:**

Dated: Central Islip, New York
       February 9, 2011

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge